JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
MONIQUE OLIVIER (SBN 190385)
(molivier@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco CA 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

ROBERT C. LAMAR (*Pro Hac Vice* Application Pending)
(rclamar@laclaw.net)
LAMAR, ARCHER & COFRIN, LLP
50 Hurt Plaza, Suite 900
Atlanta, GA 30303-2914
Telephone: (404) 577-1777
Facsimile: (404) 577-9490

M. JEROME ELMORE (*Pro Hac Vice* Application Pending)
(elmore@bmelaw.com)
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| PAUL ATHERTON, JOE O'BRIEN, MIKE WILLIAMS, GORDON PETRASH AND GERHARD GUEVARRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC. And DOES 1-20,<br><br>Defendants. | CASE NO. **CV08-02141 SJO (PLAx)**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR (1) VIOLATION OF CONSUMER LEGAL REMEDIES ACT; (2) DECEIT BY CONCEALMENT; (3) BREACH OF EXPRESS WARRANTY; (4) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; (5) NEGLIGENCE; (6) VIOLATION OF FALSE ADVERTISING ACT; (7) VIOLATION OF UNFAIR COMPETITION LAW; (8) INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction under 28 U.S.C. § 1332(d) in that it is a proposed class action in which the citizenship of at least one proposed class member is diverse from one of the defendants and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2.     Venue is based upon 28 U.S.C. § 1391(a) and is proper in the Central District of California in that the Defendant Toshiba America Information Systems, Inc. ("Toshiba") resides in Orange County and is subject to personal jurisdiction in this District.

**INTRODUCTION**

3.     Plaintiffs Paul Atherton, Joe O'Brien, Mike Williams, Gordon Petrash and Gerhard Guevarra file this Class Action Complaint against Defendant on behalf of themselves and a class of similarly situated persons to challenge Toshiba's unlawful, deceptive and unfair practices in the design, manufacture, advertisement, marketing and sale of defective notebook, a/k/a laptop, computers.

4.     As alleged more fully herein, Toshiba has designed, manufactured and sold defective laptop computers for both business and consumer use, and has made misrepresentations and concealed material information in the marketing, advertising and sale of those computers.

5.     Specifically, the Toshiba laptops at issue in this Complaint ("Toshiba Laptops"):  (a) are improperly designed and inherently defective; (b) are not reliable for mobile computing as the hinge assemblies, including the covers, crack, making it impossible to keep the screen upright and causing additional damage to the computer; (c) are not of merchantable quality; and (d) do not conform to Toshiba's advertised and warranted performance specifications.

6.     As alleged more fully herein, Plaintiffs and the other members of the classes as defined below all purchased or acquired one or more of the Toshiba Laptops.  Toshiba represented and warranted that each of the Toshiba Laptops was

1

1   free from defects in materials and workmanship and conformed to the factory
2   specifications in effect at the time the product was manufactured.

3          7.     Plaintiffs' Toshiba Laptops, like of thousands of other Toshiba Laptops
4   purchased, do not conform to Toshiba's uniform representations and warranties and
5   do not conform to Toshiba's factory specifications.

6          8.     Though faced with thousands of consumer complaints for cracked hinge
7   assemblies, as well as loss of work product and time resulting therefrom, Toshiba has
8   systematically refused to warn or advise consumers about the common design and/or
9   manufacturing defects that exist in the Toshiba Laptops.

10          9.     Further, during the period of time it manufactured and sold the Toshiba
11   Laptops, Toshiba had actual and constructive knowledge that the Toshiba Laptops
12   were incapable of performing to advertised and warranted specifications.  Toshiba
13   also knew, and still knows, that consumers are not able to use the Toshiba Laptops
14   for their intended purpose.

15          10.    After initially repairing the hinge assemblies (including cracked covers)
16   as a covered warranty item, Toshiba changed its policy and uniformly claimed for
17   almost four (4) years, that the cracked metal hinges and computer covers on the
18   Toshiba Laptops  were cosmetic damage caused either by normal wear and tear or by
19   misuse and abuse.

20          11.    In November 2007, Toshiba finally admitted that consumers have
21   experienced problems with the hinge assemblies on their Toshiba Laptops and offered
22   token reimbursement amounts to affected consumers, which is described later in the
23   Complaint as the Remediation Program.

24          12.    The development of cracked hinge assemblies in the Toshiba Laptops is
25   not cosmetic damage.  Instead, the cracked hinge assemblies frequently cause
26   additional damage to the computer.

27          13.    The Toshiba Laptops have an inherent tendency to develop cracked
28   hinge assemblies because the Toshiba Laptops are defective.

2

14.    The replacement parts used by Toshiba to repair or replace cracked hinge assemblies are also defective.

15.    Toshiba's recently announced "Satellite Hinge Remediation Program" (the "Remediation Program") is wholly inadequate to compensate affected consumers for their damages, was only initiated after years of litigation and threat of this lawsuit and was purposely delayed as long as possible to minimize claims.

16.    By this Complaint, Plaintiffs and the Class seek actual damages, punitive damages, restitution, injunctive relief, costs and expenses of litigation, including attorneys' fees, and all further relief available.

## THE PARTIES

17.    Plaintiff Paul Atherton is an individual consumer who, at all times relevant to this action, has resided in San Jose, Santa Clara County, California.

18.    Plaintiff Joe O'Brien is an individual consumer who, at all times relevant to this action has resided in San Mateo, California as well as Minnesota.

19.    Plaintiff Mike Williams is an individual consumer who, at all times relevant to this action, has resided in Alpharetta, Georgia.

20.    Plaintiff Gordon Petrash is an individual consumer who, at all times relevant to this action, has resided in Plymouth, Minnesota.

21.    Plaintiff Gerhard Guevarra is an individual consumer who, at all times relevant to this action, has resided in North Carolina.

22.    Defendant Toshiba America Information Systems, Inc. ("Toshiba") is a corporation organized and existing under and by virtue of the laws of the State of California. Toshiba's principal place of business is 9740 Irvine Boulevard, Irvine, California 92618. Toshiba is an independent operating company owned by Toshiba America, Inc., a subsidiary of Toshiba Corporation.

23.    Toshiba is responsible for the design, manufacture, distribution, marketing, advertisement, sale and customer service of the Toshiba Laptops. Toshiba regularly transacts business throughout California and throughout the United States.

3

1   24. Plaintiffs are ignorant of the true names and capacities of Defendants sued

2 herein as Does 1-20, and therefore sues these Defendants by such fictitious names.

3 Plaintiffs are informed and believe that each of the fictitiously named Defendants,

4 including any such Defendants that may be the agents, representatives, or parent,

5 subsidiary or affiliated corporations of the named Defendant Toshiba, are responsible

6 in some manner for the occurrences, events, transactions, and injuries alleged herein,

7 and that the harm suffered by the persons Plaintiffs represent and by the general

8 public as hereinafter set forth were proximately caused by said Defendants.  Plaintiffs

9 will amend this Complaint to state the true names and capacities of the Doe

10 Defendants when ascertained.

11   25. At all relevant times, Defendants pursued a common course of conduct,

12 acted in concert with one another, conspired with one another to accomplish the

13 offenses complained of herein, and performed acts and made statements in

14 furtherance thereof.  In addition to the wrongful conduct alleged herein giving rise to

15 Defendants' primary liability, Defendants further aided and abetted, and knowingly

16 assisted one another, in perpetrating the illegal and wrongful course of conduct.

17          **FACTUAL ALLEGATIONS**

18 **A. Toshiba's Defective Products**

19   26. Toshiba is in the business of designing, manufacturing, distributing,

20 marketing, advertising and selling computers and computer-related products.  Among

21 the products it designs, manufactures, and sells are portable notebook, a/k/a laptop,

22 computers.  Toshiba has designed, manufactured, created, distributed, sold, marketed,

23 and advertised a product line of portable notebook computers known as the Toshiba

24 Satellite® Series or, as already called, the Toshiba Laptops.

25   27. Toshiba has designed, manufactured, and sold the following Toshiba

26 Laptops that are the subject of this lawsuit:  the Satellite® 1000 Series, all models;

27 the Satellite® 1005 Series, all models; the Satellite® 1100 Series, all models; the

28 Satellite® 1105 Series, all models; the Satellite® 1110 Series, all models; the

4

1   Satellite® 1115 Series, all models; the Satellite® 1130 Series, all models; the

2   Satellite® 1135 Series, all models; the Satellite® 1200 Series, all models; the

3   Satellite® 1715 Series, all models; the Satellite® 1730 Series, all models; the

4   Satellite® 1735 Series, all models; the Satellite® 1750 Series, all models; the

5   Satellite® 1755 Series, all models; the Satellite® 1955 Series, all models; the

6   Satellite® 3000 Series, all models; and the Satellite® 3005 Series, all models; and

7   any other similar Satellite® model laptop computers;  (all of the above are

8   collectively referred to hereinafter as the "Toshiba Laptops").   Each of these Toshiba

9   Laptops suffers from the same or substantially similar defects.

10      28.    Toshiba has represented and warranted to Plaintiffs and to all persons

11   similarly situated that the Toshiba Laptops: "(1) [are] free from defects in materials

12   and workmanship and, (2) conform to the factory specifications in effect at the time

13   the Product was manufactured" (hereinafter the "Express Warranty").  The Express

14   Warranty was uniformly provided by Toshiba at the time of sale to purchasers of

15   Toshiba Laptops in all fifty states and the District of Columbia.

16      29.    Each and every one of the Toshiba Laptops include metal  hinges extending

17   into the plastic cover (hereinafter the "hinge assembly") for the purpose of securing

18   and protecting the computer during non-use, opening and closing the computer, and

19   keeping the screen (LCD panel) sturdy, upright, and viewable during use.   Initially,

20   the hinge assemblies (metal hinges and plastic covers) were sold as one part.  After

21   being sued over the defective hinge assemblies, however, Toshiba began to sell the

22   replacement hinges separately from the plastic covers.

23      30.    Contrary to Toshiba's representations and warranties, the Toshiba Laptops

24   are not free from defects in material and workmanship.  Instead, the Toshiba Laptops

25   fail to perform as intended when put to normal and expected use, and suffer from

26   common defects including, but not limited to, the following:  (a) All or a significant

27   portion of the hinge assembly on the Toshiba Laptops are too tight and/or contain

28   unsuitable components causing cracks or breaks to develop during normal use; (b)

When the hinge assembly cracks or breaks or the cracks in the hinge assembly expand, this causes numerous degradations in performance of the Toshiba Laptops, including without limitation, cracks in the cover, breakage of the cover, instability of the screen, and damage to and/or breakage of the screen.

31.    Toshiba failed to adequately design, manufacture, and/or test the Toshiba Laptops to ensure that these products were free from these defects.  Before the Toshiba Laptops entered the market, Toshiba either knew, or was reckless in failing to know, that the Toshiba Laptops: (a) failed at unacceptably high rates; (b) contained common design and/or manufacturing defects; and (c) were not of merchantable quality.

32.    Toshiba has known of the defective condition associated with the Toshiba Laptops (i.e., defective hinge assembly) for over four years.  Despite this knowledge, Toshiba has continued to market the defective computers, has not corrected the defects, has refused to cover the defects under the Express Warranty (initial or extended), has concealed the truth about the defects, and has misrepresented the existence and nature of the defects to its customers, including Plaintiffs.

33.    The defects described herein usually reveal themselves within several months of purchase of the Toshiba Laptops and after routine use. An inordinately high percentage of the subject laptops develop small cracks in the plastic cover portion of the hinge assembly. With ordinary use, these cracks expand beyond cosmetic degradation and begin to detrimentally affect the use of the computer.

34.    With continued ordinary use, (usually within 6 - 18 months of purchase) the small cracks grow in length and breadth until the video screen's connection to the computer is so compromised as to make the computer, in many cases, completely unusable as a portable laptop.

35.    In such cases the video screen falls out of the cover or is otherwise so damaged that it becomes unusable. In the majority of cases, the hinge assembly defects renders the Toshiba Laptop unusable as a portable computer because the

COMPLAINT

1  screen no longer supports itself and/or the computer cover will no longer close

2  properly for safe transport.

3      36.    In addition, customers of the subject laptops, including Plaintiffs, have been

4  reluctant to open and close their laptops unless absolutely necessary since doing so

5  resulted in increased cracking and further damage to the Toshiba Laptop.

6      37.    Upon information and belief, this Laptop hinge assembly cracking problem

7  was recognized early on in the Satellite series production in that the cover hinges

8  were not stiff enough and therefore would not maintain the screen in an upright

9  position.

10     38.    Upon information and belief, in order to correct this problem, the hinges

11 were redesigned to be stiffer, but then the plastic portion of the hinge assembly was

12 not strong enough to endure the additional stress being placed upon them by the

13 stiffer hinges.  The result was that the hinge assembly cracked.

14     39.    No matter what the cause, however, it is clear that Toshiba had knowledge

15 of these defects early on in the production process.

16     40.    In 2003-2004, Toshiba was faced with a tremendous number of warranty

17 claims for defective hinge assemblies on the Satellite® 1000 and 3000 Series Toshiba

18 Laptops. Initially, Toshiba offered replacement parts for the defective hinge

19 assemblies as a covered warranty item.

20     41.    However, as the warranty claims mounted for the defective hinge assembly,

21 instead of redesigning the defective parts, Toshiba issued a notice and directive to all

22 of its repair facilities that it intended to change the Toshiba warranty policy for these

23 laptops.

24     42.    Specifically, Toshiba directed all repair facilities to cease covering damage

25 to plastic parts under its existing warranty, which would include the hinge assembly.

26     43.    Toshiba stated that any damage to the plastic portion of the hinge assembly

27 was now deemed "cosmetic" and the result of "user abuse" and would thus not be

28 covered under the warranty.

44.   The result was that hundreds of thousands of consumers with almost identical cracked hinges and/or plastic were forced to pay for repairs or endure degraded use and appearance of their Toshiba Laptops.

45.   Contrary to the position previously taken by Toshiba in rejecting these warranty claims, the hinge/cover issues are not entirely cosmetic issues and cannot be explained by alleged customer abuse.

46.   None of the named Plaintiffs' Toshiba Laptops were the subject of customer abuse; instead the defects became evident through normal use.

47.   The cause of the defects is the improper design/manufacture of the hinge assemblies (including the plastic cover portion), which are unsuitable for their intended purpose.

48.   Due to the nature of the cause of the failure, even when consumers had their Toshiba Laptops repaired at their own expense, the same defective hinge assemblies (including plastic covers) were sold by Toshiba for the repairs with the same resulting damage to the consumers' Laptops.

49.   As a consequence of Toshiba's acts and omissions, consumers of the Toshiba Laptops are unaware that they have purchased a defective product until their Toshiba Laptops begin to develop cracked hinges and/or a cracked cover.

50.   Numerous members of the Class (including two of the named Plaintiffs) purchased extended warranties from Toshiba paying approximately $149.00 each for the extended warranty.

51.   Toshiba has failed and refused to honor extended warranty claims for defective hinge assemblies in breach of its obligations thereunder. Consequently, neither the express warranties nor the extended warranties were available to cover these defects.

52.   Plaintiffs and the Class members have suffered loss and damage, including without limitation, purchasing and owning a laptop computer that was worth considerably less than its purchase price at the time of purchase, owning a laptop

1  computer that is not useable for its intended purpose, loss of productivity, and the

2  cost to repair or replace the defective components or purchase a new laptop free of

3  the defects.

4  **B.      Toshiba's Refusal to Repair and Replace Its Defective Products -**
**Plaintiffs' Experiences**

5

6      53.     Plaintiff Paul Atherton purchased a Toshiba Satellite® 1115 laptop

7  computer in San Jose, California.  At the time of this purchase, Plaintiff also

8  purchased a 3-year extended warranty on the laptop.  In or around the summer of

9  2005, Plaintiff noticed that his laptop had developed cracking of the cover portion of

10  the hinge assembly.

11      54.     On Plaintiff Atherton's Laptop, the lid immediately became difficult to

12  open, and the crack expanded into a full fledged break on the left hand corner.  As a

13  result, the plastic around the LCD screen also became loose.

14      55.     Soon thereafter, Plaintiff Atherton contacted Toshiba through the warranty

15  department at CompUSA, a retail establishment in San Jose, California that is an

16  authorized dealer and repairer of Toshiba computer products.  Toshiba, through

17  CompUSA, informed Plaintiff that the hinge assembly cracking of the case was a

18  cosmetic problem and would not be covered under his 3-year extended warranty.

19  Toshiba, through CompUSA, also refused to cover the damage to the LCD screen

20  because the cover was cracked.

21      56.     On or about that same day, Plaintiff Atherton contacted Toshiba directly by

22  telephone seeking repair.  Toshiba informed Plaintiff Atherton that there were no

23  other reported faulty covers and, therefore, his was necessarily the result of abuse or

24  misuse. Toshiba then refused to repair the defects.

25      57.     Plaintiff discovered that there were a number of other people with similar

26  problems who had had the repair carried out only to find that the hinge assembly

27  cracked again.  Plaintiff therefore did not have the defect repaired, but instead

28  purchased a new computer.

9

58.   Plaintiff Joe O'Brien purchased a Toshiba Satellite® 1955-S801 laptop computer.  Within four months of his purchase, Plaintiff O'Brien noticed a crack across the top of the internal hinge and the right side of the cover.

59.   As a result, the cover would not open or close properly and the LCD screen would no longer remain open unless the screen was supported.

60.   Plaintiff O'Brien sought to have the laptop cover replaced but then discovered that these defects would not be covered under the warranty.

61.   Plaintiff O'Brien purchased a replacement cover at his own expense and attempted to repair the laptop.  However, the replacement cover also developed cracks.

62.   Plaintiff O'Brien was forced to purchase a new laptop.

63.   Plaintiff Gordon Petrash purchased a Toshiba Satellite® 1955-S801 computer.  At the time of purchase, Plaintiff Petrash also purchased a Toshiba extended warranty for the laptop.  Soon after his purchase of the Toshiba Laptop, Plaintiff noticed that his laptop had suffered cracking on the cover portion of the hinge assembly

64.   As a result, Mr. Petrash could not close his Toshiba Laptop and the LCD screen separated from the computer, making the laptop unusable.

65.   Plaintiff Petrash had the hinge assembly replaced three times and all three times the replacement cover also cracked in a similar manner.  Mr. Petrash's most recent cover is now cracked. All of these replacements utilized the same or similar hinge assembly parts that were on the original Petrash Laptop.

66.   Plaintiff Mike Williams purchased and/or acquired three (3) Toshiba Satellite® 1105s, one (1) Toshiba Satellite® 1100, and one (1) Toshiba Satellite® 1115 computer. All five of Plaintiff Williams' laptops suffered the same or similar cracking of the hinge assemblies.

67.   On Plaintiff Williams' Satellite® 1115 model, the LCD screen suffered stability problems.  With regard to the Satellite®  1105 and 1115 models, Plaintiff

10

1  Williams could not open and close the lid without expanding the cracks, making the
2  laptop useless for mobile computing.

3      68.    Mr. Williams discovered that Toshiba would not repair the cracked hinge
4  assembly so he purchased a replacement cover portion of the Satellite assembly for
5  the Satellite® 1115 on eBay at his own expense.  When Plaintiff Williams received
6  the replacement cover, it also had cracks.

7      69.    Plaintiff Gerhard Guevarra purchased a Toshiba Satellite® 1755.  Within
8  six months of his purchase, Mr. Guevarra noticed cracking of the hinge assembly.

9      70.    Plaintiff Guevarra discovered that the cracks would not be covered by his
10  Toshiba warranty.

11      71.    The cracks resulted in the inability of the LCD screen to remain upright,
12  thus making the laptop useless for mobile computing.

13      72.    Numerous members of the Plaintiff Class have each paid as much as
14  $395.00 to have the same or similar hinges and/or cracked covers replaced on
15  Toshiba Laptops due to the same defects.

16      73.    Consumers were typically required to pay about $149.00 plus tax for the
17  cover and a minimum of $95.00 in labor charges for replacement parts. Today this
18  charge has increased to $344.00

19      74.    In addition, many consumers, including schools and businesses, have
20  experienced up to a 90% failure rate with hinge assemblies of the Toshiba Laptops,
21  including but not limited to the Satellite® 1200s Series.

22      75.    Toshiba's authorized repair technicians have encountered numerous
23  requests for repairs to other Toshiba Satellite® models for cracks and breaks
24  occurring in the exact or similar locations as those found in the 1115, 1100, 1105,
25  1755 and 1955 Series.

26      76.    Plaintiffs relied to their detriment upon advertisements and representations
27  by Toshiba that the laptops in question were portable and could be used as portable
28  computing devices.

11

77.     The advertisements and representations were false in that they materially misrepresented that the laptops were suitable for portable use and omitted and concealed material facts in their representations and advertisements that were necessary in order to make them not misleading.  Among other things, Toshiba omitted to inform consumers that the hinge assemblies were defective and would result in cracks which would make the laptops unusable as portable machines.

78.     Plaintiffs were injured as a result of these false representations and omissions by among other things: (a) purchasing laptops that did not perform as advertised and represented; (a) purchasing laptops that were of a value less than what they paid for them and less than that which they were advertised and represented to be worth; (b) for some, expending sums of money to attempt to correct the defects; (c) losing the benefit of the bargain of their purchase; and (d) losing the value and use of the laptops for the purposes for which they purchased them.

## C.     Litigation History

79.     On or about January 14, 2005, Mark Grand filed a Complaint and Petition for Class Action against Toshiba for the defective design of the Satellite laptops in the Superior Court of Fulton County, Georgia.  The allegations of that Complaint were substantially similar to those contained herein.

80.     Mr. Grand voluntarily dismissed the Georgia action and re-filed his class action claims in state court in California.  Grand's California action was removed to federal court and eventually transferred to the Central District of California. Ultimately, the Court dismissed some of Mr. Grand's claims on technical issues unrelated to the underlying merits of these claims.  Mr. Grand subsequently voluntarily dismissed his claims in the Central District of California.

81.     During the pendency of the *Grand* litigation counsel for Toshiba continuously denied the existence of any defects and belittled the claims as "meritless."

82.     Moreover, Toshiba repeatedly insisted throughout the *Grand* litigation that

12

1  each Satellite laptop model is a different machine such that none could suffer from a

2  common defect.

3     83.    Specifically, Toshiba claimed:

4        –   "What Plaintiff fails to recognize is that each Satellite model is a very

5            different machine, and that the models differed significantly in

6            connection with the host of issues that could affect their potential for

7            cracking." [Brief of Toshiba America Information Systems, Inc. In

8            Support of Motion for Protective Order to Limit Discovery to the 1115

9            Model and to Bifurcate Discovery Into Class and Merits Phases, Page 4]

10       –   "The appearance of cracks in the plastic cover of one model has no

11           correlation to the likelihood of cracks developing in other models."

12           [Brief of Toshiba America Information Systems, Inc. In Support of

13           Motion for Protective Order to Limit Discovery to the 1115 Model and

14           to Bifurcate Discovery Into Class and Merits Phases, Page 12]

15  **D.    Toshiba Admits the Hinge Assembly Defects and Proposes**
    **Remediation**

16

17     84.    On October 10, 2007, counsel for Plaintiffs in this case sent Toshiba

18  demand letters on behalf of Plaintiffs pursuant to the provisions of the California

19  Consumer Legal Remedies Act, Civil Code section 1750 *et seq.* ("CLRA").

20     85.    Two days before Toshiba's response was due to Plaintiffs' October 10,

21  2007 CLRA demands, Toshiba announced a "Satellite Hinge Remediation Program"

22  covering forty three (43) models of various Satellite computers. Thus, after denying

23  the existence of or responsibility for any hinge assembly defects for more than two

24  years since the commencement of the Grand litigation, Toshiba initiated this

25  Remediation Program two days before Toshiba's response to Plaintiffs pursuant to

26  the CLRA demand letters was due.

27     86.    Contrary to its prior position, Toshiba now admits that not only did Mr.

28  Grand's laptop model have problems with its hinge assembly, but 42 other models

1   also have the same problem.

2       87.    As part of the current Remediation Program, Toshiba has identified the

3   following laptop computer models as potentially having plastic cover/hinge or

4   assembly hinge defects (the "Satellite Remediation Models"):  1000-S157,

5   1000-S158, 1005-S157, 1005-S158, 1100-S101, 1100, 1110-S153, 1115-S103,

6   1115-S104, 1115-S123, 1115-S107, 1130-S156, 1130-S155, 1135-S155,

7   1135-S1551, 1135-S1553, 1135-S1554, 1135-S1552, 1135-S125, 1135-S156,

8   1200-S121, 1200-S122, 1715XCDS, 1730, 1735, 1750, 1755, 1955-S801,

9   1955-S807, 1955-S803, 1955-S804, 1955-S806, 1955-S805, 1955-S802, 3000-S353,

10  3000-S309, 3000-S307, 3000-S304, 3005-S303, 3005-S307, 3005-S308, 3005-S304,

11  3005-S403.

12      88.    Plaintiffs assert that in addition to the above, the following Toshiba

13  Satellite laptops contained the same or similar cover/hinge (assembly hinge) defects:

14  Satellite® 3005-S353; and Satellite® 1105 Series, all models.

15      **E.     Problems with the Proposed Remediation Program**

16      89.    Toshiba's Remediation Program fails to adequately remedy the damages

17  incurred by Plaintiffs and members of the class of affected consumers.  Legal claims

18  remain against Toshiba which Plaintiffs are  pursuing on a nationwide class action

19  basis.

20      90.    In order to reduce the number of potential claims, Toshiba: (a)

21  intentionally delayed initiation of the Remediation Program until near the anticipated

22  end of the useful life of the Toshiba Laptops and well after affected consumers had

23  been forced to deal, at their own cost, with repair and/or replacement of their

24  computers because of Toshiba's refusal to honor valid warranty claims; (b)

25  downplayed the applicability, scope and significance of the hinge assembly defects;

26  (c) through the Remediation Program offered only a minuscule portion of actual

27  damages to affected consumers; (d) made the claim procedure under the Remediation

28  Program unnecessarily cumbersome and restrictive; and (e) failed to give adequate

1 notice to consumers of existence of the Remediation Program.

2      91.    Specific examples of the inadequacies of the Remediation Program

3 include:

    **1.**    **Less Than 5% Reimbursement for Non-Repaired Computers**

    a.  The program only provides for either a cash payment of $50 or a $75 Toshiba credit for all consumers who did not get their defective laptops repaired by a Toshiba Authorized Service Provider.

    b.  Plaintiffs paid, on average, approximately $1,250 for each of their computers ($1,530 if extended warranty service plans were purchased).

    c.  Plaintiffs' functional problems with their computers developed, on average, within a year of purchase of their computers.

    d.  Given Toshiba's long history of denying warranty claims and instituting the Remediation Program, most consumers fall into the $50/$75 category under the Program.  In exchange for this "relief," Toshiba demands a release of all claims a consumer may have against Toshiba.  These amounts fail to adequately compensate the consumers for the damage incurred while at the same time requiring consumers to release all claims.

    e.  If the consumer got his/her computer repaired but it subsequently broke again and the consumer did not get the computer further repaired, the consumer would be limited solely to reimbursement of a portion of the cost of the initial failed repair and receive nothing for his/her loss of the computer. Consequently, the Remediation Program ignores a significant number of consumers who had their computers repaired <u>and</u> suffered a subsequent failure(s) that they did not repair.

    **2.**    **Artificial, Low Limits on Repair Reimbursements**

    a.  Some Plaintiffs had their Toshiba Laptops repaired at their own

15

1    expense, and some were forced to repair the same defects multiple

2    times.

3    b.  The price charged by Toshiba Authorized Repair facilities in

4    2003-2004 for hinge assemblies (sold by Toshiba as a combined

5    replacement cover and hinge) was $149. The labor charge to order

6    and replace the cover was $95, for a total of $244, not including

7    shipping charges.  Again, since this did not initially resolve the

8    problem, this was money wasted on a faulty repair.

9    c.  The current prices for replacement parts are: cover $149, hinges $100

10   ($50 each) and labor $95, for a total of $344, not including shipping

11   charges.

12   d.  Despite these actual costs under the Remediation Program, Toshiba

13   capped the recovery of this expense at $125 per repair, leaving the

14   consumer to pay the difference for a repair that should have been

15   covered by the warranty.

16   e.  No additional consideration is provided to consumers who purchased

17   an extended warranty.

18   f.  There is no provision in the existing Remediation Program for

19   consumers to now have their laptops repaired free of charge.  If the

20   consumer decides to repair his/her laptop at his/her own expense,

21   Toshiba still only sells the same defective hinge assembly.   Plaintiff

22   Petrash's own experiences in this regard are instructive. Mr. Petrash

23   has had his cover replaced three (3) times and now the most recent

24   cover is cracked as well.

25   **3.    Notice Deficiencies**

26   a.  In order to deter claims under the Remediation Program, Toshiba has

27   minimized the scope of the problem by claiming that this Program is

28   based upon "a small number of customer complaints."

16

b. Upon information and belief, Toshiba has received thousands of customer complaints regarding defective hinge assemblies. Further, Toshiba's attorneys have previously advised the press that this is a potential billion dollar problem.  In the April 2006 Andrews Class Action Reporter (Thomson West, Vol. 13, Issue 3), after the voluntary dismissal of the Georgia Grand action, it was reported "according to a statement released by Toshiba's law firm, Greenberg Traurig": "Attorneys expected potential liability to have exceeded $1 billion had the suit proceeded to trial."

c. The only public notice of the existence of the Remediation Program was a small notice at the bottom of the "Toshiba Direct" website homepage ("www.toshibadirect.com").  That notice now has been deleted, even though the Program continues theoretically to accept claims until March 31, 2008.  No notice has appeared on the Toshiba websites. Notice of the Program has purportedly been sent to consumers by email and/or regular mail.

4.     **Onerous or Impossible Claim Requirements**

a. The newly offered Remediation Program requires affected consumers to submit various onerous forms of documentation to obtain even the meager relief offered by the Program. Most of the required documentation is now practically impossible to supply due to Toshiba's long delay in initiating the Program.

b. Currently, the Program requires a complicated combination of written receipts and /or photographs of the defective computers (e.g., photo of name plate on bottom of computer) in order to obtain any relief. Due to the long delay in implementation of the Program (over four years after Toshiba knew the defects), this is overly burdensome if not impossible for many of the consumers.

17

c.  A significant number of potential claimants have discarded their computers and/or records and thus probably cannot provide the required documentation (e.g., a photo of the nameplate).

## CLASS ACTION ALLEGATIONS

92.   Pursuant to Federal Rules of Civil Procedure, Rules 23(a), (b)(2) and (b)(3), and California Civil Code § 1781, Plaintiffs bring this action on behalf of themselves and all other persons or entities in the United States ("the Class" or the "Plaintiff Class") who purchased or acquired the following Toshiba laptops: the Satellite® 1000 Series, all models; the Satellite® 1005 Series, all models; the Satellite® 1100 Series, all models; the Satellite® 1105 Series, all models; the Satellite® 1110 Series, all models; the Satellite® 1115 Series, all models; the Satellite® 1130 Series, all models; the Satellite® 1135 Series, all models; the Satellite® 1200 Series, all models; the Satellite® 1715 Series, all models; the Satellite® 1730 Series, all models; the Satellite® 1735 Series, all models; the Satellite® 1750 Series, all models; the Satellite® 1755 Series, all models; the Satellite® 1955 Series, all models; the Satellite® 3000 Series, all models; and the Satellite® 3005 Series, all models; and any other similar Satellite® model laptop computers  References to "Toshiba Laptops" throughout this Complaint are to all of these laptop computers.

93.   Plaintiffs further bring this action for breach of implied warranty, on behalf of a subclass of those members of the Plaintiff Class who either (1) purchased their Toshiba Laptops directly from Toshiba, or (2) are in privity with such a direct purchaser (the "Direct Purchaser Subclass").

94.   Excluded from the Class and subclass definitions are:  (a) Toshiba and any of their officers, directors, and employees; (b) any person who has a pending suit against Toshiba for any claims asserted herein or who has compromised such a claim; and (c) any judicial officer hearing this action and their families through the third degree of relationship.

18

95.   The proposed Plaintiff Class and the Direct Purchaser Subclass consist of tens of thousands of purchasers of Toshiba Laptops throughout the United States. Plaintiffs are informed and believe and on that basis allege that the Plaintiff Class and the Direct Purchaser Subclass are so numerous that joinder of all members would be impracticable.  The exact size of the Plaintiff Class and the Direct Purchaser Subclass, and the identity of the members of the class are ascertainable from the business records of Toshiba.  Notice to the class members can be devised through use of Toshiba's business records.  Notice by mail or by publication is contemplated.

96.   There are many questions of law and fact common to the Plaintiff Class and Direct Purchaser Subclass, including, inter alia, the following:

a.   Whether the Toshiba Laptops contain common design defects and/or manufacturing defects;

b.   Whether the Toshiba Laptops are of a merchantable quality;

c.   Whether the Toshiba Laptops fail to conform to Toshiba's advertised product specifications;

d.   Whether Toshiba made false and/or misleading statements of fact concerning its representations and warranties about, and the defects inherent in, the Toshiba Laptops and whether Toshiba knew, or was reckless in not knowing that its statements were false and/or misleading;

e.   Whether Toshiba concealed from the Plaintiff Class, the Direct Purchaser Subclass, and the public that the Toshiba Laptops contain common design defects and are not of merchantable quality;

f.   Whether Toshiba's false and/or misleading statements of fact and its concealment about such material facts were likely to deceive plaintiffs and the public;

g.   Whether Toshiba breached its Express Warranty, which Toshiba uniformly issues with respect to every Toshiba Laptop purchased

19

throughout the United States;

h.  Whether Toshiba breached its implied warranty of merchantability with respect to the Toshiba Laptops;

i.  Whether Toshiba has violated the Consumer Legal Remedies Act (California Civil Code section 1750 et seq.) ("CLRA") by representing that the Toshiba Laptops have characteristics, uses or benefits that they do not possess (Cal. Civ. Code § 1770(a)(5)); by representing that the Toshiba Laptops are of a particular standard, quality, or grade when they are not (Cal. Civ. Code § 1770(a)(7)); by advertising the Toshiba Laptops with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); by representing that Toshiba has no obligation to repair or replace the Toshiba Laptops even though they suffer from common defects of which Toshiba is aware (Cal. Civ. Code § 1770(a)(14)); by representing that the Toshiba Laptops have been supplied in accordance with its representations, when they have not (Cal. Civ. Code § 1770(a)(16)); and by inserting unconscionable provisions in its warranty agreements.

j.  Whether Toshiba's conduct violated the California False Advertising Act, California Business and Professions Code section 17500 et seq.;

k.  Whether Toshiba's conduct was unlawful, unfair or fraudulent under the California Unfair Competition Law, California Business and Professions Code section 17200 et seq.

97.  The claims asserted by Plaintiffs in this action are typical of the claims of the members of the Plaintiff Class and the Direct Purchaser Subclass, the claims arise from the same course of conduct by Toshiba, and the relief sought is common.

98.  Plaintiffs will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and the Direct Purchaser Subclass, all of whom are

20

1  victims of Toshiba's unfair, unlawful and deceptive practices.  Plaintiffs have

2  retained counsel who are competent and experienced in both consumer protection and

3  class action litigation.

4       99.   Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)

5  because Toshiba has acted and/or refused to act on grounds generally applicable to

6  the Plaintiff Class and the Direct Purchaser Subclass, making appropriate declaratory

7  and injunctive relief with respect to Plaintiffs and the Plaintiff Class and the Direct

8  Purchaser Subclass as a whole.  The members of the Plaintiff Class and the Direct

9  Purchaser Subclass are entitled to injunctive relief to end Toshiba's common, uniform

10  and unlawful conduct.

11       100.   Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3)

12  because common questions of fact and law, including those listed above, predominate

13  over any questions affecting only individual members of the Plaintiff Class and

14  because a class action is superior to other available methods for the fair and efficient

15  adjudication of this controversy.  Many members of the Plaintiff Class and the Direct

16  Purchaser Subclass may be unaware that they have claims against Defendants.  In

17  addition, the small, albeit significant, amount of each individual claim relative to the

18  costs and burdens of bringing a lawsuit makes it impracticable for class members to

19  pursue their claims individually.  The class action procedure is necessary in order that

20  the Defendants not be immunized as a practical matter from liability for the harm they

21  have imposed on Plaintiffs, and on each member of the Plaintiff Class and the Direct

22  Purchaser Subclass.

23       101.   Class certification is also appropriate pursuant to Cal. Civ. § 1781

24  because the questions of law or fact common to the class, including those listed

25  above, are substantially similar and predominate over the questions affecting

26  individual members.

27       102.   Plaintiffs are aware of no factors that will make it difficult to manage

28  this litigation as a class action.  In fact, Toshiba has already identified many of the

1  proposed class members through its Remediation Program utilizing its own business

2  records, making necessary communications uncomplicated.  The prosecution of

3  separate actions by individual members of the Class and Subclass, would create the

4  risk of inconsistent adjudications, which could establish incompatible standards of

5  conduct for Toshiba.

6  **PRIVATE ATTORNEY GENERAL ALLEGATIONS**

7  103.   This action is also brought by Plaintiffs acting as private attorney general

8  pursuant to the Unfair Competition Law, California Business and Professions Code

9  section 17200 *et seq.*  Pursuant to Business and Professions Code sections 17203 and

10  17204, a private attorney general action is appropriate and necessary because Toshiba

11  has engaged in the acts described herein as a general business practice.  Plaintiffs

12  request that this Court decide that Toshiba's acts as described herein are unlawful,

13  unfair, and fraudulent, enjoin Toshiba from engaging in these unlawful, unfair and

14  fraudulent practices, and enter such other remedial orders, including orders for

15  restitution and/or disgorgement, as are necessary and just.

16  **FIRST CAUSE OF ACTION**

17  **(Consumer Legal Remedies Act, California Civil Code § 1750 et seq.,**
**Asserted by Plaintiffs and on Behalf of the Plaintiff Class)**

18

19  104.   The preceding paragraphs of this Complaint are re-alleged and

20  incorporated by reference as if fully set forth herein.

21  105.   Plaintiffs bring this action on their behalf and on behalf of the Plaintiff

22  Class seeking relief pursuant to the Consumer Legal Remedies Act, California Civil

23  Code section 1750 et seq. ("CLRA").

24  106.   The CLRA specifically provides that "[a]ny waiver by a consumer of the

25  provisions of this title is contrary to public policy and shall be unenforceable and

26  void." Cal. Civ. Code § 1751.

27  107.   Plaintiffs and the members of the Plaintiff Class are "consumers" within

28  the meaning of California Civil Code sections 1761(d), 1780 and 1781.  The Toshiba

22

Laptops that Plaintiffs and each member of the Plaintiff Class own are "goods" within the meaning of California Civil Code section 1761(a).  In addition, the purchase of a Toshiba Laptop constitutes a "transaction" within the meaning of California Civil Code sections 1761(e) and 1780.

108.   Toshiba has violated California Civil Code section 1770(a)(5) because it has represented that the Toshiba Laptops have characteristics and benefits that they do not have, namely, that they are free from defects in materials and workmanship and conform to factory specifications.

109.   Toshiba has violated California Civil Code section 1770(a)(7) because it has represented that the Toshiba Laptops are of a particular standard, grade and quality when they are not, namely, that they are free from defects in materials and workmanship, conform to factory specifications, and are of merchantable quality.

110.   Toshiba has violated California Civil Code section 1770(a)(9) because it has advertised the Toshiba Laptops with an intent not to sell them as advertised, namely, that they are reliable and durable, that they are free from defects, and that they conform to factory specifications.

111.   Toshiba has violated California Civil Code section 1770(a)(14) because it has represented to consumers that it has no obligation to repair or replace the Toshiba Laptops even though they suffer from common defects of which Toshiba is aware.

112.   Toshiba has violated California Civil Code section 1770(a)(16) because it has represented that the Toshiba Laptops have been supplied in accordance with previous representations when they have not, namely, that they are free from defects in materials and workmanship and conform to factory specifications.

113.   Toshiba has violated California Civil Code section 1770(a)(19) by including unconscionable provisions in its warranty agreement.  Provisions limiting the time and/or scope of the Express Warranty provided by Toshiba are unconscionable because they would cause Toshiba's Express Warranty to fail of its

1  essential purpose in that, inter alia, the Toshiba Laptops contain  common design
2  and/or manufacturing defects that were present at the time of purchase and Toshiba
3  knew, or was reckless in not knowing, about the defects and the defects could not be
4  discovered by Plaintiffs and members of the Plaintiff Class at the time of purchase.
5  Toshiba possesses bargaining strength and power far superior to that of Plaintiffs and
6  other class members.  Without discussion or negotiation, Toshiba offers the warranty
7  to its customers and such customers lack any meaningful choice with respect to
8  warranty terms.

9       114.   Toshiba has waived any purported exclusions in its warranty of the
10 defective components.

11      115.   Toshiba also concealed facts regarding the Toshiba Laptops including
12 but not limited to that they contain common and inherent design defects, fail to
13 perform in accordance with its advertised performance specifications, and are not of
14 merchantable quality.

15      116.   Toshiba's misrepresentations and concealment were of material facts.
16 This type of information is relied upon by consumers in making purchase decisions
17 and is significant in the decision to purchase a costly laptop computer.  Plaintiffs and
18 the Plaintiff Class relied upon Toshiba's misrepresentations to their detriment.

19      117.   As a result of the unlawful acts and practices of Toshiba described
20 above, Plaintiffs and members of the Plaintiff Class have suffered substantial
21 economic losses in an amount to be proven at trial.

22      118.   On October 10, 2007, Plaintiffs, through their counsel, sent a notice and
23 demand letter by certified mail, return receipt, to Toshiba pursuant to California Civil
24 Code section 1782.

25      119.   On November 9, 2007 and as is set forth in more detail above, Plaintiffs
26 received a response from Toshiba describing its wholly inadequate Remediation
27 Program remediation effort.

28      120.   Pursuant to California Civil Code sections 1770 and 1780, Plaintiffs and

1   each member of the Plaintiff Class is entitled to recover actual damages from Toshiba

2   as a result of its violations of the CLRA.

3        121.   Pursuant to California Civil Code section 1780, Plaintiffs and each

4   member of the Plaintiff Class are entitled to recover punitive damages against

5   Toshiba because it acted with malice, fraud or oppression.

6        122.   Pursuant to California Civil Code sections 1780 and 1781, Plaintiffs and

7   the Plaintiff Class hereby request certification of the Plaintiff Class, compensatory

8   and punitive damages, injunctive relief, restitution, and attorneys' fees, costs and

9   expenses.

10                       **SECOND CAUSE OF ACTION**

11   **(Violation of California Civil Code §§ 1709, 1710 (Deceit by Concealment
     Asserted By Plaintiffs and on Behalf of the Plaintiff Class)**

12

13        123.   The preceding paragraphs of this Complaint are re-alleged and

14   incorporated by reference as if fully set forth herein.

15        124.   At all times relevant to this action, Toshiba failed to disclose to

16   Plaintiffs, class members and the public material facts including but not limited to:

17   (a) that all or a significant portion of the hinge assemblies (including plastic and

18   metal cover components thereof) on the Toshiba Laptops develop cracks or breaks

19   during normal use, which in turn causes the covers to break; (b) that the cracks or

20   breaks on the hinge assemblies worsen over time and cause numerous degradations in

21   performance including cracks in the covers, breakage of the covers, instability of the

22   laptop screens, and breakage of the screens; (c) that these defects were inherent in

23   and common to the Toshiba Laptops; (d) that these defects rendered the Toshiba

24   Laptops inferior, not fit for their intended use, and not of merchantable quality; and

25   (e) that the defects were so common that they would cause the Toshiba Laptops to fail

26   at unacceptably high rates.

27        125.   Even though Toshiba has known of these common defects in the Toshiba

28   Laptops and knows and has known that said defects are not merely cosmetic or

                                        25

1  caused by user abuse or misuse, Toshiba has represented and continues to represent to

2  its customers, including Plaintiffs,  that these defects constitute cosmetic damage or

3  user abuse or misuse and therefore are not covered by warranty.

4      126.   Toshiba has also failed to disclose that it initially covered these defects

5  described herein pursuant to its warranty , and that it now refers to such defects as

6  cosmetic or user abuse or misuse as a means to refuse warranty coverage for the

7  defects.

8      127.   Toshiba has a duty to disclose these facts to Plaintiffs and class members

9  but intentionally has failed to do so.  Instead, Toshiba represented that the Toshiba

10  Laptops were free from defects and were of merchantable quality.

11      128.   Toshiba suppressed the material facts herein alleged with the intention of

12  inducing the public, including but not limited to Plaintiffs and members of the

13  Plaintiff Class, to purchase the Toshiba Laptops.  Toshiba's conduct constitutes

14  deceit.

15      129.   As a result, Toshiba unlawfully deprived Plaintiffs and members of the

16  Plaintiff Class of their property or legal rights, namely, the funds expended to

17  purchase the Toshiba Laptops.

18      130.   As a proximate result of Toshiba's actions, Plaintiffs and members of the

19  Plaintiff Class suffered loss and damages in an amount to be proven at trial.

20      131.   The wrongful conduct of Toshiba, as herein alleged, was intentional and

21  was done with malicious, oppressive or fraudulent intent.  Plaintiffs and the Plaintiff

22  Class are therefore entitled to recover punitive damages.

### THIRD CAUSE OF ACTION

**(Breach of Express Warranty Asserted by Plaintiffs and on
Behalf of the Plaintiff Class)**

26      132.   The preceding paragraphs of this Complaint are re-alleged and

27  incorporated by reference as if fully set forth herein.

28      133.   Toshiba provided Plaintiffs and each member of the Plaintiff Class an

1 Express Warranty that the Toshiba Laptops were (1) free from defects in materials
2 and workmanship; and (2) conformed to the factory specifications in effect at the time
3 they were manufactured.

4     134.   Toshiba also sold extended warranties which provided additional
5 warranty protection for purchasers.

6     135.   In addition, by virtue of its advertisement and marketing of the Toshiba
7 Laptops, Toshiba expressly warranted that the Toshiba Laptops were free from the
8 defects alleged herein.

9     136.   The Toshiba Laptops are not free from defects in materials and
10 workmanship and do not conform to the factory specifications in effect at the time
11 they were manufactured.

12     137.   Toshiba breached its express warranties to Plaintiffs and the Plaintiff
13 Class by supplying the Toshiba Laptops in a condition that they do not perform as
14 advertised.

15     138.   The Express Warranty provides that Toshiba will "restore the Product to
16 working order in accordance with factory specifications in effect at the time the
17 Product was manufactured or replace the defective Product with a product that is at
18 least equivalent to the original Product."

19     139.   Toshiba further breached the express warranties to Plaintiffs and the
20 Plaintiff Class by not repairing the defective Toshiba Laptops and/or not replacing
21 the defective Toshiba Laptops with a product of at least equivalent value.

22     140.   Toshiba also breached the express warranties by utilizing and/or
23 providing replacement parts for the Toshiba Laptops that also were defective and did
24 not conform to factory specifications.

25     141.   Toshiba has received timely notice of the breach of warranties alleged
26 herein pursuant to Commercial Code section 2607(3)(A).  In addition, Toshiba has
27 received thousands of complaints from its customers regarding the defective
28 conditions in its Toshiba Laptops as alleged herein.

27

142.   Despite requests to do so, Toshiba has consistently refused to properly and/or effectively replace and/or repair the Toshiba Laptops and has concealed the existence of the defects, despite thousands of consumer complaints.  As a result of Toshiba's attempts to conceal the defects associated with the Toshiba Laptops, Plaintiffs and the members of the Plaintiff Class have been unaware of the defects until the hinges and/or covers on their laptop computers begin to crack and break.

143.   Applying any warranty limitation to limit the time and/or scope of the Express Warranty provided by Toshiba would be unconscionable and would cause Toshiba's Express Warranty to fail of its essential purpose in that, inter alia, the Toshiba Laptops contain common design and/or manufacturing defects that were present at the time of purchase and Toshiba knew, or was reckless in not knowing, about the defects; the defects could not be discovered by Plaintiffs and members of the Plaintiff Class at the time of purchase; and purchasers lacked any meaningful choice with respect to warranty terms.

144.   Toshiba has waived any purported exclusion of warranty of the defective components.

145.   As a direct and proximate result of Toshiba's breaches of express warranties, Plaintiffs and the members of the Plaintiff Class have suffered loss and damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability, Asserted by Plaintiffs and on Behalf of the Direct Purchaser Subclass)**

146.   The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

147.   Each of the Toshiba Laptops purchased by members of the Direct Purchaser Subclass, by operation of law, came with an implied warranty that it is merchantable and fit for the ordinary purpose for which it is intended and used. When each member of the Direct Purchaser Subclass acquired their Toshiba Laptop,

28

1 Toshiba, which is in the business of designing and selling the Toshiba Laptops, made

2 an implied warranty of merchantability to that member of the Direct Purchaser

3 Subclass.

4       148.   As to such Subclass members, Toshiba has breached the implied

5 warranty of merchantability with respect to the Toshiba Laptops.  Specifically, the

6 defective covers and hinges on the Toshiba Laptops render them not merchantable

7 and not fit for the ordinary purpose for which said products are intended and used.

8       149.   Toshiba also breached the implied warranty by utilizing and/or providing

9 replacement parts for the Toshiba Laptops that also were defective and did not

10 conform to factory specifications.

11       150.   Toshiba has received timely notice of the breach of warranties alleged

12 herein.  In addition, Toshiba has received thousands of complaints from its customers

13 regarding the defective conditions in its Toshiba Laptops as alleged herein.

14       151.   Despite requests to do so, Toshiba has consistently refused to replace

15 and/or properly and/or effectively repair the Toshiba Laptops, and has concealed the

16 defects despite thousands of consumer complaints.  As a result of Toshiba's actions,

17 members of the Direct Purchaser Subclass were unable to discover the defects in their

18 Toshiba Laptops until the hinges and/or covers began to crack and break.

19       152.   Applying any warranty limitation to limit the time and/or scope of the

20 implied warranty of merchantability provided by Toshiba would be unconscionable in

21 that, inter alia, the Toshiba laptops contain common design and/or manufacturing

22 defects that were present at the time of purchase and Toshiba knew, or was reckless in

23 not knowing, about the defects; the defects could not be discovered by members of

24 the Direct Purchaser Subclass at the time of purchase; and the purchasers lacked any

25 meaningful choice with respect to warranty terms.

26       153.   Toshiba has waived any exclusion or limitation of warranty coverage to

27 the defective components.

28       154.   As a direct and proximate result of Toshiba's breach of implied

29

1   warranty, the members of the Direct Purchaser Subclass have suffered loss and

2   damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

**(Violation of the False Advertising Act, Business and Professions Code  § 17500
et seq., Asserted by Plaintiffs and on Behalf of the Plaintiff Class)**

6   155.   The preceding paragraphs of this Complaint are re-alleged and

7   incorporated by reference as if fully set forth herein.

8   156.   The False Advertising Act, California Business and Professions Code

9   section 17500 *et seq.* (FAA) prohibits misleading or deceptive advertising.  The FAA

10   also specifically brings within its reach statements made or caused to be made or

11   disseminated before the public in this state or statements made or caused to be made

12   or disseminated from this state.

13   157.   Toshiba has engaged in advertising, marketing and offering for sale the

14   Toshiba Laptops to the general public, including Plaintiffs and the Plaintiff Class.

15   These advertisements make statements of material fact, such as representing, among

16   other untrue statements, that the Toshiba Laptops are reliable and durable, that the

17   Toshiba Laptops are free from defects in materials and workmanship, that the

18   Toshiba Laptops conform to performance specifications, and that the Toshiba

19   Laptops will perform as intended as mobile computing devices.

20   158.   Toshiba's advertisements and marketing also fails to disclose material

21   facts such as (a) that all or a significant portion of the hinge assemblies on the

22   Toshiba Laptops develop cracks or breaks during normal use, which in turn causes

23   the covers to break; (b) that the cracks or breaks on the hinge assemblies worsen over

24   time and cause numerous degradations in performance including cracks in the covers,

25   instability of the laptop screens, and breakage of the screens; (c) that these defects

26   were inherent in and common to the Toshiba Laptops; (d) that these defects rendered

27   the Toshiba Laptops inferior, not fit for their intended use, and not of merchantable

28   quality; and (e) that the defects were so common that they would cause the Toshiba

1  Laptops to fail at unacceptably high rates.

2      159.  Even though Toshiba has known of these common defects in the Toshiba

3  Laptops, Toshiba has represented and continues to represent to customers that the

4  Toshiba Laptops are free from defects and are of merchantable quality and that these

5  defects constitute cosmetic damage or user abuse or misuse and therefore are not

6  covered by warranty.

7      160.  Toshiba has also failed to disclose that its warranty initially covered the

8  defects described herein, and that it now refers to such defects as cosmetic damage or

9  user abuse or misuse as a means to refuse warranty coverage for the defects.

10      161.  Toshiba has engaged in advertising and marketing to the public and

11  offered for sale the Toshiba Laptops on a nationwide basis.

12      162.  Toshiba has engaged in advertising and marketing of the Toshiba

13  Laptops with the intent to induce the purchase of the Toshiba Laptops.

14      163.  Toshiba's misrepresentations and concealment are untrue and/or

15  misleading and are likely to deceive members of the public by falsely representing the

16  characteristics of the Toshiba Laptops, as set forth more fully above.

17      164.  In making and disseminating the statements alleged herein, Toshiba

18  knew or by the exercise of reasonable care should have known, that the statements

19  were false and misleading.  Toshiba also actively concealed its knowledge that the

20  Toshiba Laptops contained common design defects.

21      165.  As a direct and proximate result of Toshiba's false and misleading

22  advertising, Plaintiffs and members of the Plaintiff Class were damaged.

23      166.  Plaintiffs and the Plaintiff Class seek individual restitution, injunctive

24  relief, and other allowable relief under section 17500, and attorneys' fees, costs and

25  expenses under California Code of Civil Procedure section 1021.5.

26

27

28

### SIXTH CAUSE OF ACTION

**(Violation of the Unfair Competition Law, California Business and Professions Code § 17200 et seq., Asserted by Plaintiffs and on Behalf of the Plaintiff Class and the General Public)**

167.   The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

168.   Plaintiffs bring this cause of action on behalf of themselves and the Plaintiff Class and in their capacity as private attorneys general.

169.   The Unfair Competition Law, California Business and Professions Code section 17200 et seq. (UCL) defines unfair competition to include any "unlawful," "unfair" or "fraudulent" business act or practice.

170.   Toshiba's business practices are unlawful, unfair and fraudulent for the reasons set forth below, without limitation: .

171.   Toshiba's conduct violates the Consumer Legal Remedies Act, California Civil Code sections 1770(a)(2), (a)(5), (a)(7), (a)(9), (a)(14), (a)(16), and (a)(19);

172.   Toshiba's conduct constitutes deceit and concealment;

173.   Toshiba has breached its express warranties to Plaintiffs and the Plaintiff Class;

174.   Toshiba has breached its implied warranty of merchantability to Plaintiffs and the Direct Purchaser Subclass;

175.   Toshiba's conduct violates the False Advertising Act, California Business and Professions Code section 17500 *et seq.*;

176.   Toshiba's conduct is unfair, unlawful and fraudulent.  Toshiba has designed, manufactured and sold defective laptops.  Its misrepresentations and concealment of material facts regarding the characteristics of the Toshiba Laptops are likely to mislead the public including Plaintiffs and the Plaintiff Class.

177.   Toshiba's wrongful conduct is part of a pattern of conduct that has been repeated on thousands of occasions.  Thus, Toshiba's conduct impacts the public

32

1  interest.

2        178.   Plaintiffs, for themselves and on behalf of the Plaintiff Class and the

3  general public, seek to enjoin Toshiba's conduct and to obtain restitution of all funds

4  obtained by Toshiba by reason of and through the use of these unlawful, unfair and

5  fraudulent acts and practices.  Plaintiffs and the Plaintiff Class further seek such other

6  orders as may be necessary to restore to any person any interest in money which may

7  have been acquired by Toshiba by means of this unlawful, unfair and fraudulent

8  business practice.  Plaintiffs and the Plaintiff Class also seek disgorgement of

9  Toshiba's illicit profits gained through its wrongful conduct, and seek reasonable

10 attorneys' fees, costs and expenses incurred in bringing this action pursuant to

11 California Code of Civil Procedure section 1021.5.

## SEVENTH CAUSE OF ACTION

### (Injunctive Relief as to Remediation Program Under the CLRA, FAA, UCL and Fed. R. Civ. P. 23(b)(2))

15       179.   The preceding paragraphs of this Complaint are re-alleged and

16 incorporated by reference as if fully set forth herein.

17       180.   As described above, Toshiba's Remediation Program is being

18 undertaken in bad faith, involves additional misrepresentations made to consumers,

19 and is wholly inadequate to address the harm suffered and damages incurred by

20 Plaintiffs and members of the Plaintiff Class or otherwise to remedy the harms caused

21 by Toshiba's wrongful conduct.

22       181.   The Remediation Program threatens members of the Plaintiff Class with

23 irreparable harm, because in order to take advantage of the meager and inadequate

24 remedies offered under the Remediation Program, Toshiba demands that Class

25 Members sign releases purportedly waiving any claims relating to the defective hinge

26 assemblies.

27       182.   Further, to the extent that Toshiba's notices regarding the Remediation

28 Program actually reach members of the Plaintiff Class after the filing of this

33

1 | Complaint, those notices may represent unauthorized and improper communications
2 | with Class Members.

183. Plaintiff and the Plaintiff Class therefore request that the Court:

   i. enjoin Toshiba from moving forward with the Remediation Program;

   ii. enjoin Toshiba from seeking or obtaining purported releases of the claims of any Class Member;

   iii. enjoin Toshiba from communicating with Class Members regarding the subject matter of this litigation without prior Court approval; and

   iv. enter a declaration establishing that any purported releases Toshiba has obtained through the Remediation Program to date are invalid.

## EIGHTH CAUSE OF ACTION

**(Alternative Relief - Catalyst Fees Regarding the Remediation Program)**

184. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

185. This Cause of Action is pleaded in the alternative to the Seventh Cause of Action (for injunctive relief regarding the Remediation Program), set forth above.

186. As set forth above, Plaintiffs believe that the Remediation Program is wholly inadequate to remedy the harm caused by Toshiba's wrongful conduct as alleged herein.

187. However, should this Court determine that the Remediation Program does confer benefits on the Plaintiff Class, then the litigation efforts of the Plaintiff Class, including through the preceding Grand Litigation, was the catalyst for this "voluntary" remediation.

188. The Plaintiff Class is therefore entitled to recover its reasonable attorneys' fees in procuring this relief.

34

## NINTH CAUSE OF ACTION

**(Injunctive Relief Asserted by Plaintiffs and on Behalf of the Plaintiff Class Under the CLRA, FAA, UCL and Fed. R. Civ. P. 23(b)(2))**

189.   The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

190.   Toshiba has received thousands of complaints from its customers advising Toshiba of the defects in the Toshiba Laptops.

191.   Toshiba has failed or refused to repair the Toshiba Laptops or provide Plaintiff and the Class with a warranty replacement, that is, a portable notebook computer that conforms to the quality and characteristics that Toshiba has expressly and impliedly warranted are indicative of the Toshiba Laptops.

192.   Toshiba has instead continued to advertise, market, and sell the Toshiba Laptops, all the while knowing that the Toshiba Laptops are defective and not of merchantable quality, and that Toshiba has no intent to honor its express and implied warranties when consumers submit warranty claims relating to cracked hinges and/or covers (hinge assemblies).

193.   As set forth in more detail in the above paragraphs, Toshiba has implemented a Remediation Program that is nothing more than a belated, token response to Plaintiffs' demands and is wholly inadequate to address the damages incurred by Plaintiffs and members of the class of affected consumers. Legal claims remain against Toshiba which all Plaintiffs herein pursue on a nationwide class action basis.

194.   The conduct of Toshiba has been in bad faith, illegal, and contrary to equity and good conscience.   Plaintiffs, on behalf of themselves and the Class, requests that the Court enter a permanent  injunction requiring Toshiba: (a) to honor its express and implied warranties, including all extended warranties, by repairing the Toshiba Laptops when consumers report cracked hinges and/or covers;  (b) to discontinue advertising, marketing, or selling the Toshiba Laptops until such time as

1    the Toshiba Laptops conform to the express warranties being made by Toshiba; (c) to

2    discontinue the Remediation Program until further order of the Court; and (d) to cease

3    any and all contact with potential claimants under the Remediation Program or

4    otherwise.

## **PRAYER FOR RELIEF**

6    WHEREFORE, Plaintiffs respectfully pray as follows:

7    1. That this Court certify this case as a class action and appoint Plaintiffs as

8    class representatives;

9    2. That this Court find and declare Toshiba's acts and practices as described

10    herein to be unlawful, unfair and fraudulent;

11    3. That Toshiba be permanently enjoined from engaging in the unlawful,

12    unfair and fraudulent acts and practices alleged herein;

13    4. That Plaintiffs and the Plaintiff Class be awarded compensatory damages

14    according to proof at trial;

15    5. That Toshiba be ordered to disgorge all unjust enrichment obtained from

16    the unlawful, unfair and fraudulent acts and practices alleged herein;

17    6. That Plaintiffs and the Plaintiff Class be awarded punitive damages

18    according to proof at trial;

19    7. That Toshiba be ordered to make restitution to Plaintiffs and the Plaintiff

20    Class;

21    9. That Plaintiffs be awarded attorneys' fees and expenses pursuant to

22    California Civil Code section 1780(d), California Code of Civil Procedure section

23    1021.5, and Fed. R. Civ. P. 23(h);

24    10.    That the Court enter a permanent injunction prohibiting Toshiba from

25    failing or refusing to pay for repairs of the defects in Toshiba Laptops;

26    11.    That the Court enter a permanent injunction requiring Toshiba to

27    honor all express and implied warranties, including all extended warranties, and to

28    repair or replace the Toshiba Laptops when consumers report cracked hinges and/or

36

covers;

12.   That the Court enter a permanent injunction prohibiting Toshiba from advertising, marketing, or selling the Toshiba Laptops until such time as the Toshiba Laptops conform to the warranties being made by Toshiba;

13.   That the Court enter a permanent injunction discontinuing the Remediation Program until further order of the Court;

14.   That the Court enter a permanent injunction prohibiting Toshiba from contacting any potential claimants through the Remediation Program or otherwise;

15.   That the Court declare that any purported releases Toshiba has procured from Class Members through the Remediation Program are void or otherwise invalid;

16.   In the alternative, should the Court find that the Remediation Program confers any significant benefit on the Plaintiff Class, that the Plaintiff Class be awarded its reasonable fees and expenses incurred in procuring that relief;

18.   For costs of suit herein incurred; and

19.   For such other and further relief as the court may deem proper.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all causes of action so triable.

Respectfully submitted,

DATED: March 31, 2008                THE STURDEVANT LAW FIRM
                                     A Professional Corporation

                                     LAMAR, ARCHER & COFRIN, LLP

                                     BONDURANT, MIXSON & ELMORE, LLP

                          By:   _____
                                     Monique Olivier
                                     Attorneys for Plaintiffs Paul Atherton, Joe
                                     O'Brien, Mike Williams, Gordon Petrash, and
                                     Gerhard Guevarra