GREENBERG TRAURIG, LLP
JEFF E. SCOTT (SBN 126308)
E-Mail: *ScottJ@gtlaw.com*
E-Mail: *GrotzingerJ@gtlaw.com*
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404-5524
Telephone:  310-586-7700
Facsimile:   310-586-7800

GREENBERG TRAURIG, LLP
PHILIP R. SELLINGER (SBN 226468)
E-Mail: *SellingerP@gtlaw.com*
200 Park Avenue
Florham Park, NJ 07932
Telephone: 973-360-7900
Facsimile:  973-301-8410

Attorneys for Defendant Toshiba America
Information Systems, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PAUL ATHERTON, JOE O'BRIEN, MIKE WILLIAMS, GORDON PETRASH, and GERHARD GUEVARRA, DAVID O'SHAUGHNESSY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC. and DOES 1-20,<br><br>                    Defendants. | CASE NO. CV 08-02141 AG (MLGx)<br><br>ORDER ON STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND INADVERTENT DISCLOSURE<br><br>*NOTE:  CHANGES HAVE BEEN MADE TO THIS DOCUMENT* |

226,595,671 v1

WHEREAS, the parties anticipate that, through discovery, they may seek to obtain documents and information that may be of a confidential or proprietary nature within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, as follows.

1. **Definitions**. The following words and phrases have the following meanings for the purposes of this Confidentiality Order.

    a. "Producer" means a party or non-party who or which produces the following documents or material (collectively, "Documents," or individually, a "Document") in connection with this action.

        i. Documents or physical evidence produced in response to document requests, interrogatories, requests for admissions, notices of inspection, or subpoenas;

        ii. Responses to document requests, interrogatories and requests for admission; or

        iii. Deposition transcripts, including exhibits thereto.

    b. "Confidential Material" means Documents containing sensitive business or proprietary information, within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. If a party learns at any time that a Document containing his or its sensitive or proprietary information exists in the other party's files and has not previously been designated as Confidential Material, the party shall be entitled to do so pursuant to paragraph 13 below.

    c. "Designator" means a party to this action which or who designates documents as Confidential Material.

2. **Limitation on Use of Confidential Material**. All Confidential Material produced in this litigation shall be used by the parties and their respective counsel solely for the purpose of this litigation and for no other purpose, including without limitation, any future actions to be brought by any plaintiff or non-party, and shall not at any time be

1

shared with non-parties to this action, including without limitation, counsel who are not counsel of record for the parties to this action.  Moreover, all Confidential Material shall be returned or destroyed at the conclusion of the litigation, notwithstanding the existence of any pending or prospective dispute as to the confidentiality of the underlying information contained in the Confidential Material, pursuant to paragraph 11 below. Plaintiffs reserve the right to seek relief from the limitations imposed by this paragraph through a motion or application to the Court in this action.

3. **Designation of Confidential Material – Documents.**  If a party wishes to obtain the confidential protection set forth in paragraph 2, he or it shall place the legend "**CONFIDENTIAL**" (the "Confidential Legend") on the face of the Document and on each page so designated or by otherwise designating a category or group of Documents in clear and unambiguous language to this effect in a letter to the other party or in a similar writing.  Any Document stamped, designated or otherwise marked in such a manner will be subject to the terms of this Confidentiality Order.

4. **Designation of Confidential Material – Discovery Responses.** Designation of responses to interrogatories, requests for admissions or similar written discovery requests, and the information contained therein, as Confidential Material shall be made by placing the Confidential Legend on each page of any response containing information so designated before service of the response on the other party.

5. **Designation of Confidential Material – Deposition Testimony and Exhibits.**  A party may designate deposition testimony, including exhibits, as Confidential Material if the deponent testifies about Confidential Material of that party, pursuant to the following terms and conditions.

    a. Designation of deposition testimony, including exhibits, as Confidential Material shall be made by service of a letter to this effect on the other party (a "Designation Letter").  The Designation Letter shall be served within 30 days of the designee's receipt of the transcript, and shall specify the testimony that is deemed to be confidential by page and line designation, or the exhibit that is to

226,595,671 v1

be deemed confidential by the name and number assigned to such exhibit by the party taking the deposition.

    b. At the time of receipt of a Designation Letter, both parties shall place the Confidential Legend at the top of each page of each deposition transcript and exhibit designated as Confidential Material, as well as each photocopy thereof.

6. **Procedure for Raising Disputes as to Confidentiality**. A party who or which disagrees with the designation of any materials as Confidential (the "Objecting Party") shall notify the Designator in writing of its objection. If the Designator does not withdraw the designation of Confidentiality, the Objecting Party shall move for relief from the Court within 30 days after receipt of written notice from the Designator confirming the Confidential designation of the material. The Designating Party shall bear the burden of proof to support its designation of confidentiality in opposing any such motion.

7. **Permissible Disclosure of Confidential Material.** Confidential Material subject to this Confidentiality Order shall be used solely for the purpose of conducting this action and any appeals thereof in this Court, or for purposes otherwise identified herein. All Confidential Material subject to this Confidentiality Order shall be kept in a confidential manner and may be disclosed only to the extent necessary for the purpose of conducting this litigation, and only to and among the following persons.

    a. The parties, and the attorneys for any party in this action, including without limitation, their respective partners, of counsel, associates, paralegals, and other employees;

    b. Any current director, officer, employee (including in-house counsel), or agent of a party who is assigned by such party to work on this action, including anyone responsible for the supervision of this action;

    c. Any person not employed by a party or retained by a party or his or its counsel from whom testimony is taken or may be taken in this action, except that such person may see and retain copies of Confidential Material only during his or

her testimony, in preparation therefor, or in discussions of possible testimony, and may not thereafter retain copies of any Confidential Material;

    d.    Any person not employed by a party who is expressly retained by the party or his or its counsel to assist in preparation of this action, including expert witnesses and consultants, and their respective employees and support staff;

    e.    The Court and all other Court personnel involved in the adjudicative process;

    f.    Court reporters; and

    g.    Commercial document services employed for copying, imaging, scanning, document handling, document storage, or related litigation support functions in connection with this case.

8. **Limitation on Disclosure of Confidential Matter.**  No party shall use any Confidential Material produced by another party for any purposes not set forth in this Confidentiality Order without the express prior written consent of the Designator of the Confidential Material or an order of this Court after notice to the Designator.

9. **Use of Consent Agreement**.  Before disclosing Confidential Material to a person identified in subparagraphs 7(c) or 7(d) above, such person shall be required to sign a written certification ("Consent Agreement") that he is familiar with the terms and conditions of this Confidentiality Order and consents to be bound thereby.  A form of such Consent Agreement is attached as Exhibit A.  A copy of each Consent Agreement so obtained shall be retained by the party that discloses Confidential Material and shall be produced upon good cause shown by the Designator.

10. **Protective Order Motions**.  Nothing herein shall be construed so as to limit the right of a party to seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent the disclosure of any Document or category of Documents.

11. **Return or Destruction of Confidential Material.**  Within 180 days after conclusion of this action, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement, counsel of record employed by a party

4

to this action shall, upon written request of the Producer, return to the Producer Documents produced in this action, including without limitation, all Confidential Material within the scope of this Confidentiality Order, or destroy all such Confidential Material and provide the Producer with an affidavit or other sworn statement to that effect.

12. **Use of Confidential Material in Filings with Court.** The parties may offer any Confidential Material in connection with motions or briefs, at hearings, or at trial in this action. Pursuant to Local Rule 79-5.1, any Confidential Material submitted to, presented to or filed with the Court before trial shall be filed under seal by the party making the submission and shall not be made available to persons other than as authorized by this Confidentiality Order and Local Rule 79-5.2. Confidential Material shall not lose its confidential status because it is used in any Court proceeding in this action.

13. **Inadvertent Production of Confidential Material.** If a Producer inadvertently produces Confidential Material without designating it as such pursuant to paragraph 3 above, or if a party learns that the other party possesses documents that contain his or its sensitive or proprietary information, the party may still designate such material as Confidential Material as follows:

    a. Within 30 days of the discovery of its failure to designate, the Producer/Designator must give written notice to the party who received copies of the produced Documents that the Producer/Designator claims, in whole or in part, to be Confidential Material.

    b. Upon receipt of such notice, the party who has received copies of the produced Documents shall promptly place the Confidential Legend on the Documents designated as Confidential Material and shall so represent in writing to the Producer/Designator.

    c. The Producer/Designator shall bear the cost of placing the Confidential Legend on all such inadvertently produced Documents.

226,595,671 v1

14. **Producer's Right to Publication.**  This Confidentiality Order shall not restrict the right of any person to publish, disseminate or otherwise release any Document that he or she produced or designated, subject to any party's right to challenge the designation of any such Document as Confidential on any basis, pursuant to the procedure set forth in paragraph 6 above.  Any party asserting any such challenge shall continue to treat any such Document as Confidential Material until further order of the Court.

15. **No Subject Matter Waiver of Confidentiality by Failure to Designate**.  A party's failure to designate a Document as Confidential Material hereunder shall not constitute a waiver of such party's assertion of confidentiality with respect to any other Document or category of Documents.

16. **No Subject Matter Waiver of Privilege.**  If a party inadvertently produces Documents which are or may be protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable evidentiary or common law privilege, any subsequent finding of waiver respecting the disclosure of such Documents shall be deemed a limited waiver as to such Documents only, and for purposes of this litigation only.  The production of any such Documents shall not constitute any waiver of privilege respecting any other Documents or for any other purpose.

17. **Inadvertent Production of Privileged Material.**  If a party produces Documents which it considers to be privileged, in whole or in part, he or it may seek to retrieve such Documents or parts thereof as follows:

    a.    Within 30 days of the Producer's discovery of such a disclosure, the Producer shall give written notice claiming privilege to the other party. Immediately upon receipt of such notice, the Documents shall be treated as privileged by each recipient thereof and all reasonable steps shall be undertaken by such receiving persons to safeguard such Documents, including, where applicable, the immediate retrieval of such Documents from all non-parties to whom or which

they have been disclosed, until such time as the assertion of privilege is resolved in accordance with the terms of this Confidentiality Order.

      b.    Unless within 20 days of the provision of the notice in subparagraph (a) above, the disclosed Documents and all copies thereof are returned to the Producer, or an affidavit or other sworn statement is furnished to the Producer attesting to the fact that the privileged Documents and all copies thereof have been destroyed, then the Producer may move for an appropriate protective order. The other party may oppose such a motion on any ground not contrary to the express terms of this Confidentiality Order. The failure of the Producer to provide notice pursuant to subparagraph (a) above, or to move for a protective order pursuant to this subparagraph, shall constitute a limited waiver of any claim of privilege solely with respect to the particular Documents themselves.

      c.    If a separate protective order is entered by the Court, and no timely appeal is taken from such order (or an appeal is taken but proves unsuccessful and no further right of appeal is available), then within 30 days of the exhaustion of any right to appeal such order, each recipient of the privileged Documents shall either return the privileged Documents and all copies thereof to the Producer, or furnish an affidavit or other sworn statement attesting to the fact that the privileged Documents and all copies thereof have been destroyed. In the case of deposition transcripts, an affidavit or other sworn statement stating that the privileged portions of the testimony have been redacted will suffice.

18.    **Parties' Agreement to Designate Material as Confidential.** Notwithstanding any other provision of this Confidentiality Order, the parties in this action may, by written agreement at any time, designate any Document as Confidential Material subject to the protections herein.

19.    **Survival and Continuing Jurisdiction.**  This Confidentiality Order and each of its respective terms and conditions shall survive the termination of this action, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the

7

226,595,671 v1

1 appellate process, or settlement, and shall continue in full force and effect thereafter.  ~~The~~
2 ~~Court will retain jurisdiction after the termination of this action to enforce the terms of~~
3 ~~this Confidentiality Order~~.  Any party may, upon written notice to the adverse parties,
4 move for an order modifying, amending or dissolving the terms of this Confidentiality
5 Order.

6       20. **<u>Notice of Breach and Opportunity to Cure.</u>**  Notwithstanding any contrary
7 provision herein, a party claiming breach of this Confidentiality Order shall have the
8 burden to serve written notice of such breach on counsel of record for the other party.
9 Such notice shall specifically identify the Confidential Material with respect to which a
10 breach of this Confidentiality Order is alleged to have occurred, and shall provide said
11 party a reasonable period of not less than 30 days following the date of service of such
12 notice in which to cure the breach.  A party claiming breach of this Confidentiality Order
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

may seek from the Court, after affording such notice and opportunity for cure, a temporary restraining order or preliminary injunction, to the extent necessary to prevent him or it from suffering irreparable harm.

Dated: January 9, 2009    GREENBERG TRAURIG, LLP


By  /S/ JEFF E. SCOTT
    Jeff E. Scott
Attorneys for Defendant Toshiba America Information Systems, Inc.

Dated: January 9, 2009    THE STURDEVANT LAW FIRM, APC

LAMAR, ARCHER & COFRIN, LLP


By:  /S/
    Robert C. Lamar
Attorneys for Plaintiffs Paul Atherton, Joe O'Brien, Mike Williams, Gordon Petrash, Gerhard Guevarra and David O'Shaughnessy


DATED: January 9, 2009

_____
MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE

226,595,671 v1

GREENBERG TRAURIG, LLP
JEFF E. SCOTT (SBN 126308)
E-Mail: *ScottJ@gtlaw.com*
JORDAN D. GROTZINGER (SBN 190466 )
E-Mail: *GrotzingerJ@gtlaw.com*
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404-5524
Telephone:  310-586-7700
Facsimile:   310-586-7800

GREENBERG TRAURIG, LLP
PHILIP R. SELLINGER (SBN 226468)
E-Mail: *SellingerP@gtlaw.com*
200 Park Avenue
Florham Park, NJ 07932
Telephone: 973-360-7900
Facsimile:  973-301-8410

Attorneys for Defendant Toshiba America
Information Systems, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PAUL ATHERTON, JOE O'BRIEN, MIKE WILLIAMS, GORDON PETRASH, and GERHARD GUEVARRA, DAVID O'SHAUGHNESSY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>     vs.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC. and DOES 1-20,<br><br>        Defendants. | CASE NO. CV 08-02141 AG (MLGx)<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND INADVERTENT DISCLOSURE**<br><br>Judge:   Hon. Andrew J. Guilford<br><br>Date Filed:  March 31, 2008 |

1

226,595,671 v1

I, the undersigned, have read and understand the terms and conditions of the Stipulation and Protective Order Regarding Confidentiality and Inadvertent Disclosure ("Confidentiality Order") in the above-captioned matter, dated _____, 2008, and I consent to be bound by its terms as follows:

1. I agree that I will disclose and use "Confidential Material," as defined by the Confidentiality Order, only as permitted pursuant to the express terms and conditions thereof, and that I will protect and maintain the confidentiality of any "Documents," as defined by the Confidentiality Order, so designated.

2. I further unconditionally agree to return all Confidential Material to the law firm or person that provided such Confidential Material to me immediately after my use thereof for this litigation ceases.

3. I consent to the personal jurisdiction of the United States District Court for the Central District of California to the limited extent necessary to enforce the terms and conditions of the Confidentiality Order.

Signature: _____

Print Name: _____

Date: _____

226,595,671 v1